UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIE WEAVER,<br><br>        Plaintiff,<br><br>    v.<br><br>RIOS,<br><br>        Defendant. | Case No. 1:16-cv-00596-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND TO REQUIRE PLAINTIFF TO PAY THE FILING FEE IN FULL**<br><br>**(ECF No. 13)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |
|---|---|

    Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983 on April 28, 2016. (ECF No. 1.) Plaintiff seeks leave to proceed in forma pauperis in this case. (ECF No. 13.) Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 6.) No other parties have appeared.

**I.    Motion to Proceed In Forma Pauperis**

    Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has brought more than three actions that were dismissed for being frivolous or malicious, or for failing to state a claim.[1] The only question remaining is whether Plaintiff is under imminent danger of serious physical injury.

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Plaintiff has filed dozens of unsuccessful cases in the Eastern District of California; however, given the volume of Plaintiff's filings, the Court only takes judicial notice of the following seven cases: Weaver v. Davisson, 2:14-cv-01906-MCE-DAD (E.D. Cal.) (dismissed for failure to state a claim on September 29, 2014); Weaver v. Connelly, 2:14-cv-01800-MCE-AC (E.D. Cal.) (dismissed for failure to state a claim on November 18, 2014); Weaver v. Attorney General, 2:14-cv-01132-JAM-DAD (E.D. Cal.) (dismissed as frivolous on October 22, 2014); Weaver v. California Correctional Institution, 1:06-cv-01210-OWW-LJO (E.D. Cal.) (dismissed as frivolous and malicious on October 3, 2006); Weaver v. California Correctional Institution, 1:06-cv-01208-OWW-LJO (E.D. Cal.) (dismissed as frivolous and malicious on October 3, 2006); Weaver v. Tehachapi Confinement SHU, 1:06-cv-00341-AWI-LJO (E.D. Cal.) (dismissed for failure to state a claim on September 28, 2006); Weaver v. California Correctional Institution, 1:06-cv-00429-AWI-SMS (E.D. Cal.) (dismissed for failure to state a claim and as frivolous on September 12, 2006).

defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Here, the Court has reviewed Plaintiff's extremely sparse three-page complaint. It does little more than make the conclusory allegation that Defendant Rios harassed Plaintiff and thereby put Plaintiff at risk of serious injury. Plaintiff has not met his burden of demonstrating an "imminent danger" of "serious physical injury."

## II.     Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action (ECF No. 13) be DENIED; and

2. Plaintiff be directed to pay the $400 filing fee in full within **twenty-one (21) days** of the order adopting these findings and recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     September 26, 2016            /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

3